## 21064

G. H. HARDY, Individually and as County Supervisor of Clarendon County, Respondent, v. John G. R. FRANCIS, W. Ben DeWitt, Eulie Benton, Harold DuPree, and Louis Oliver, Jr., individually and as members of the Clarendon County Council and Ray Brown, Clarendon County Administrator, Appellants.

(259 S. E. (2d) 115)

*Marion S. Riggs*, of *Rogers, Riggs & Rickenbaker,* Manning, *for Appellants.*

*M. M. Weinberg, Jr.* of *Weinberg, Warner, Brown & McDougall,* Sumter, and *Ray Chandler* of *Cothran, Chandler & Cothran,* Manning, *for Respondent.*

October 10, 1979.

GREGORY, Justice:

Appellants, members of Clarendon County Council and the County Administrator, appeal from an order granting injunctive relief to respondent G. H. Hardy, Clarendon County Supervisor. We reverse.

The office of Clarendon County Supervisor is a creature of the pre-Home Rule Act Statutory Scheme. Section 14-251, *et seq.,* Code of Laws of South Carolina (1962). Respondent was elected to this position prior to Home Rule for a term which expired on December 31, 1976. Unexplained by the record, the office of County Supervisor was placed on the

ballot in Clarendon County's general election of November 1976. Respondent was reelected to a four year term of office.

Pursuant to Section 4-9-10(b) of the Home Rule Act, Code of Laws of South Carolina (1976), Clarendon County assumed the Council-Administrator form of local government effective July 1, 1976. The duties and responsibilities previously delegated to the office of County Supervisor by Section 14-254 of the 1962 Code devolved upon local government with the passage of Home Rule. See Section 4-9-30, 1976 Code. There is no provision under the Home Rule Act for the office of County Supervisor in conjunction with the Council-Administrator form of local government.

Thus, the placement of the office of County Supervisor on the ballot for the general election of November 1976 for Clarendon County was not authorized by law. Accordingly, the election of respondent to that post was a nullity. See *Murphree v. Mottel,* 267 S. C. 80, 226 S. E. (2d) 36 (1976).

It follows that respondent is not a duly elected official exempt by virtue of such status from the power of local government to regulate county employees. Section 4-9-30 (7), Code of Laws of South Carolina (1976).

The lower court erroneously enjoined appellants from exercising authority and control over the funds, personnel and equipment utilized by respondent and his staff. Such authority plainly exists by statute. See Sections 4-9-30 and 4-9-630, 1976 Code.

Assuming, without deciding, that appellants agreed to employ respondent in his present capacity, neither the election nor any subsequent non-legislative act can recreate the statutory elective office of Clarendon County Supervisor and thereby immunize that position from the control of local government.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.